**TALATALAGA S. AVEINA and
AVEINA AVEINA, JR., Plaintiffs**

**v.**

**SUI AVEINA, Defendant.**

High Court of American Samoa
Trial Division

CA No. 02-99

March 27, 2000

Before RICHMOND, Associate Justice, SAGAPOLUTELE, Associate Judge, and TAUANU'U, Temporary Associate Judge.

Counsel: For Plaintiffs, David P. Vargas
For Defendant, Afoa L. Su'su'e Lutu

ORDER GRANTING SUMMARY JUDGMENT

Plaintiffs Talatalaga Aveina ("Talatalaga") and Aveina Aveina, Jr. ("Aveina Jr.") have moved for summary judgment. The motion was heard on February 11, 2000, with both counsel present.

**Facts**

Talatalaga and Aveina, Jr. entered into an oral agreement with defendant Sui Aveina ("Sui"), Aveina, Jr.'s brother, to purchase real property in Happy Valley, comprised of a house and the land on which it sits ("the property"), from Sui. Talatalaga and Aveina, Jr. paid Sui a $30,000

down payment and one installment payment of $150.00. They agreed to make monthly payments of $150.00 until the purchase price was paid, but refused to make installment payments after they discovered that Sui did not own the property.

According to Talatalaga and Aveina, Jr., Sui agreed to tender legal title after they paid the $30,000 down payment. According to Sui, he does not need to hand over title until the purchase price is paid in full. Talatalaga and Aveina, Jr. claim that the agreed price was $35,000; Sui claims the price was $65,000. Talatalaga and Aveina, Jr. filed this claim requesting the return of their deposit and installment payment and now seek summary judgment.

Sui has not owned the Happy Valley house since 1994, when he stipulated to a property settlement with Flowerpot Aveina ("Flowerpot") as part of their divorce. This agreement, filed with this Court on July 29, 1994, in DR No. 19-94, stated that all of the houses in Happy Valley would be given to Flowerpot.

## Discussion

Summary judgment is appropriate when there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." T.C.R.C.P. 56(c). The court must view the pleadings and supporting papers in the light most favorable to the non-moving party. *Amerika Samoa Bank v. United Parcel Serv.*, 25 A.S.R.2d 159, 161 (Trial Div. 1994); *Ah Mai v. Am. Samoa Gov't*, 11 A.S.R.2d 133, 136 (Trial Div. 1989).

Talatalaga and Aveina, Jr. allege that they believed Sui owned the property and relied on his representations that he owned the property and was able to convey legal title. Sui claims he made no material misrepresentations. He argues that he owns the land on which the house sits because the property settlement only refers to the Happy Valley house, not the land on which it sits. Sui also argues Talatalaga and Aveina, Jr. are presumed to have knowledge of the divorce decree because the divorce agreement is a public record. He further notes he allowed Talatalaga and Aveina, Jr. to live on the property for years without paying rent.

Sui's arguments are completely without merit. Parties may not knowingly sell property they do not own. It is not enough that Sui may own the land at Happy Valley because he agreed to sell the land *and the house,* and he admits he does not own the house. It is immaterial whether or not Sui sent some of the money paid by Talatalaga and Avenina, Jr. to Flowerpot, who actually owns at least the house; Talatalaga and Aveina, Jr. did not contract to purchase the property from

Flowerpot. It is also irrelevant that Talatalaga and Aveina, Jr. have lived in the house rent-free from 1995 until the present. Any rental agreement the parties may have had is separate from the contract for sale.

■ Furthermore, the contract violates the Statute of Frauds. In order to prevent frauds and perjuries, agreements for the sale of real property must be in writing to be valid. *See* A.S.C.A. § 37.0211. Under the Statute of Frauds, such agreements must state the primary terms of the agreement and be signed by the party to be charged. Because the parties only agreed orally to the sale, the contract violates the Statute of Frauds and is unenforceable. Therefore, Talatalaga and Aveina, Jr. are entitled to the return of the funds they paid to Sui.

■ Talatalaga and Aveina, Jr. are also entitled to recover prejudgment interest from the date their claim became liquidated, which was when the amount Sui owed them was fixed and known. *See* 22 AM. JUR. 2D *Damages* § 648 *et seq.* (1985). This date is the date Talatalaga and Aveina, Jr. refused to perform the oral contract and demanded their money back.

Talatalaga and Aveina, Jr. made the $30,000 payment on January 29, 1997. The $150.00 installment check was dated on April 5, 1997 and was deposited on April 14, 1997. They discovered that Sui did not own the property and demanded return of their money some time after April 5 but on or before May 5, 1997 when the next monthly installment payment was presumably due. We therefore calculate prejudgment interest at the rate of 6% per annum, pursuant to A.S.C.A. § 28.1501, from May 5, 1997 until the entry date of the judgment. The amount is $5,234.

### Order

Sui shall pay Talatalaga and Aveina, Jr. $35,384, including prejudgment interest, plus costs, and post-judgment interest on the entire amount at the rate of 6% per annum until the judgment is paid in full. Summary judgment shall enter accordingly.

It is so ordered.